FOURNET, Justice.
 

 James W. Jones, Jr., Judge of the Tenth Judicial District of Louisiana, against whom a suit was instituted under the provisions of Section 5 of Article IX of the Louisiana Constitution of 1921, for the purpose of removing him from office, filed a petition in the Nineteenth Judicial District Court for the Parish of East Baton Rouge seeking to have writs of mandamus directed to A. P. Tugwell, State Treasurer, and L. B. Baynard, State Auditor, to compel them to recognize and honor his monthly salary warrants. Eugene Stanley was made a party to the proceedings for the reason that he, as Attorney General of Louisiana, is the legal adviser of the state’s auditor and treasurer and the payment of relator’s salary was withheld on his written instructions.
 

 An exception of misjoinder of parties defendant was filed on behalf of the Attorney General and an answer in behalf of the State Auditor and the State Treasurer wherein it was specially pleaded that they were without authority to honor the relator’s warrants because he had been suspended as Judge of the Tenth Judicial District by this court during the pendency of the trial for his removal. The trial, judge sustained the exception of misjoinder dismissing the suit as to the Attorney General and, on the merits, rendered judgment in favor of the relator, ordering the State Auditor and the State Treasurer to honor his warrants as prayed for. From this judgment the defendants appealed.
 

 It is alleged in the petition, and borne out by the record, that the Attorney General on October 14, 1940, instituted proceedings in this court against James W. Jones, Jr., to remove him from the office of Judge of the Tenth Judicial District and to have him suspended from office during the pendency of the action. On the following day we issued an order relieving the relator of his official duties as Judge of the Tenth Judicial District during the pendency of the proceedings for his removal from office and, in the same order, the Hon. E. P. Mills, one of the judges of the First Judicial District, was assigned to perform the judicial duties of the Tenth Judicial District. On March 28, 1941, the Attorney General addressed a letter to the State Auditor and the State Treasurer advising them that his ■ attention had been called to the fact that the warrants of relator as Judge of the Tenth Judicial District and of J. Claude Meraux as Judge of the Twenty-fifth Judicial District, both of whom had been suspended by this court during the pendency of suits for their removal, were still being
 
 *8
 
 honored, and that he wished to advise them (the State Auditor and the State Treasurer) that in his opinion the two judges were not entitled to have their respective salaries paid during this interim, and to further advise them to refrain from honoring any warrants presented by either of these judges, his office being “ * * * prepared to resist in the courts any legal attempt on the part of the above named individuals to force the honoring of their warrants * * As a result of the Attorney General’s order, the relator’s warrants for the months of March, April, May, June, and July, 1941, in the sum of $500 each, were dishonored and this suit was filed on the 19th of August following to compel the State Auditor and the State Treasurer to honor these five delinquent warrants as well as all subsequent monthly warrants as presented according to law.
 

 In his brief the Attorney General, counsel for the respondents, calls our attention to the fact that we rejected the. relator’s motion to rescind the order for his suspension entered in the proceedings for his removal when the case was formerly before us (see Stanley v. Jones, 197 La. 627, 2 So. 2d 45) and argues that “The recall of the writ of mandamus in this case can result in no injury to the relator. If the suit for his removal in this Honorable Court should result favorable for him it is conceded that he will be entitled to his salary then. The effect of his suspension is not to deprive him of his salary, but simply to impound it pending the determination of the removal suit. His removal will deprive him of his salary, but until he is removed he has been deprived of nothing. His suit is premature and he is not entitled to mandamus.” In support of his argument, he cites excerpts from Corpus Juris and the common-law authorities cited in this source to sustain these statements.
 

 On the other hand, counsel for relator contend that this court did not in fact suspend relator by its order of October 15, 1940, but superseded him by assigning another judge to relieve him of his duties under the supervisory powers granted it by Section 12 of Article VII of the Constitution of 1921, and that the Attorney General’s opinion rendered to the auditor and treasurer of the state on March 28 was' not only not warranted by law, but was motivated by a desire on the part of the Attorney General to harass the relator and force his resignation, pointing out that on May 15, 1941, the Attorney General wrote another letter to these same state officials requesting that tliey ignore his opinion and order of March 28, 1941, in so far as it affected the salary of J. Claude Meraux, whose warrants, he instructed, should thenceforth be honored.
 

 When this matter was previously before us on relator’s motion to rescind the order for his suspension, we held that Section 7 of Article IX of the Constitution of 1921 did not apply in cases of the removal of judges of courts of record under Section 5 of the article, and that we had not, in fact, suspended the relator in our order of Oc
 
 *9
 
 tober 15, 1941, but had, as this court had done in the previous suit for relator’s removal (Coco v. Jones, 154 La. 124, 97 So. 337), assigned another district judge to supersede him in his official duties under the authority of Section- 12 of Article VII of the Constitution of 1921, and not under the provisions of Article IX-,
 

 The qualifications of district judges, their method of election, their tenure of office, and their removal, as well as the amount of their salary and the method of paying the same, are all specifically provided for in our basic law — the Constitution of 1921 — and we fail to find in that Constitution any provision that would authorize us, particularly by an ex parte order, to deprive him of his salary while pro■ceedings for his removal are pending. If the writers of the Constitution had intended for this court to have such authority, it would have been a very simple matter for them to have expressly so provided. Our authority under Section 5 of Article IX of the Constitution of 1921 is limited to the removal of a district judge from his office for any of the causes specified in Section 1 of the same article, that is, for “high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, or oppression in office, or for gross misconduct, or habitual drunkenness,” and we are only authorized to order such removal after the party charged has been given a proper hearing. It therefore follows that the common-law authorities cited by counsel can have no application in this case.
 

 For the reasons assigned, the judgment appealed from is affirmed. .